Leonard D. DuBoff – Oregon State Bar No. 774378
(*Pro Hac Vice Application to Be Submitted*)
**The DuBoff Law Group, PC**
6665 SW Hampton Street, Suite 200
Portland, Oregon 97223-8357
Telephone: (503) 968-8111
lduboff@dubofflaw.com
Fax: (503) 868-7228

Matthew Swanlund (SBN 204542)
Aesthetic Legal, APLC
8055 W Manchester Ave., Ste. 310
Playa del Rey, CA 90293
Telephone: (310) 301-4545
matthew@aestheticlegal.com

Attorneys for Plaintiff Trendtex Fabrics, Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENDTEX FABRICS, LTD., | **Case No.** |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | **DEMAND FOR JURY TRIAL** |
| CRAFT CLOTHING, LLC, a California limited liability company; ELI MYERS, an individual; SERGE & JANE, LLC, a Minnesota limited liability company; MAISONETTE, INC., a Delaware corporation; SAKS.COM, LLC, a Delaware limited liability company; HAUS OF HANZ, INC., a New York corporation; RUELALA, INC., a Delaware corporation; BLUEFLY.COM, | |

COMPLAINT - 1

LLC, a Florida limited liability company; CARO BAMBINO, LLC, a California limited liability company; THE NEIMAN MARCUS GROUP, LLC, a Delaware limited liability company;

Defendants.

Plaintiff Trendtex Fabrics, Ltd. ("Plaintiff"), by and through its undersigned counsel, hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of the defendants' unauthorized reproduction and sale of copyrighted fabric surface designs owned and registered by Plaintiff. Accordingly, Plaintiff seeks relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction under 17 U.S.C. §§ 101 et seq. and 28 U.S.C. §§ 1331 and 1338, as these claims arise under the laws of the United States.

3. This court has personal jurisdiction over the defendants. All defendants are residents of this District, have their principal places of business in this District, or do continuous and systematic business in this District.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1391 and

1400 because this is the state and District where a substantial part of the events giving rise to the claims occurred, and the acts of infringement complained of herein have occurred within this state and District.

## PARTIES

5.     Plaintiff is a business corporation incorporated under the laws of the State of Hawaii which owns copyrights to various fabric surface designs.

6.     Defendant CRAFT CLOTHING, LLC ("SOL ANGELES") is a limited liability company that does business under the trade name SOL ANGELES, that is organized in the State of California, and has its principal place of business in Los Angeles, California.

7.     Based on information and belief, Defendant ELI MYERS ("Defendant MYERS") is an individual who is a member and principal of Defendant SOL ANGELES and is a resident of Los Angeles, California.

8.     Defendant SERGE & JANE, LLC ("S+J") is a limited liability company that is organized in the State of Minnesota and has its principal place of business in Edina, Minnesota.

9.     Defendant MAISONETTE, Inc. ("MAISONETTE") is a corporation that is incorporated in the State of Delaware and has its principal place of business in Brooklyn, New York.

10.     Defendant SAKS.COM, LLC ("SAKS") is a limited liability company

that does business under the trade name SAKS Fifth Avenue, is organized in the State of Delaware, and has its principal place of business in New York, New York.

11.     Defendant HAUS OF HANZ, INC. ("HAUS OF HANZ") is corporation that is incorporated in the State of New York and has its principal place of business in Brooklyn, New York.

12.     Defendant RUELALA, INC. ("RUELALA") is a corporation that is incorporated in the State of Delaware and has its principal place of business in Boston, Massachusetts.

13.     Defendant BLUEFLY.COM, LLC ("BLUEFLY") is a limited liability company that is organized in the State of Florida and has its principal place of business in Bay Harbor, Florida.

14.     Defendant CARO BAMBINO, LLC ("CARO BAMBINO") is a limited liability company that is organized in the State of California and has its principal place of business in Santa Monica, California.

15.     Defendant The NEIMAN MARCUS Group, LLC ("NEIMAN MARCUS") is a limited liability company that does business under the trade name NEIMAN MARCUS, is organized in the State of Delaware, and has its principal place of business in Dallas, Texas.

/ / /

## BACKGROUND FACTS

16.     Plaintiff is a fabric wholesaler that owns the copyrights to numerous Hawaiian print surface designs. As the premier company for Hawaiian print surface designs, Plaintiff sells fabrics bearing these copyrighted surface designs and also licenses the use of some surface designs to other fabric makers.

17.     Plaintiff makes samples of its designs publicly available for viewing both on its website https://trendtex-fabrics.com and in person at its place of business. Samples of designs that have been licensed to other fabric makers are also publicly available for viewing, with Plaintiff's consent, at the licensees' places of business and/or websites. These public displays of the copyrighted surface designs are for advertising and sales purposes only; they do not give viewers a license to use the designs without Plaintiff's license, authorization, or consent.

18.     At all relevant times, Plaintiff has been the owner of a Hawaiian print fabric surface design identified as FK-007 that has been registered with the United States Copyright Office. A true and correct copy of the copyright registration certificate VAu 1-327-807 for the surface design collection containing the FK-007 surface design, together with a sample of the FK-007 surface design itself, is attached as Exhibit 1.

19.     At all relevant times, Plaintiff has been the owner of a Hawaiian print fabric surface design identified as EH-3C20 that has been registered with the United States Copyright Office. A true and correct copy of the copyright

registration certificate VAu 595-752 for the surface design collection containing the EH-3C20 surface design, together with a sample of the EH-3C20 surface design itself, is attached as Exhibit 2.

20. At all relevant times, Plaintiff has been the owner of a Hawaiian print fabric surface design identified as CF-009 that has been registered with the United States Copyright Office. A true and correct copy of the copyright registration certificate VAu 1-159-378 for the surface design collection containing the CF-009 surface design, together with a sample of the CF-009 surface design itself, is attached as Exhibit 3.

21. At all relevant times, Plaintiff has been the owner of a Hawaiian print fabric surface design identified as HLK-803. After owning the HLK-803 surface design for several years, Plaintiff registered it with the United States Copyright Office with an effective date of October 26, 2021. A true and correct copy of the copyright registration certificate VAu 1-447-405 for the surface design collection containing the HLK-803 surface design, together with a sample of the HLK-803 surface design itself, is attached as Exhibit 4.

22. Plaintiff has complied in all respects with 17 U.S.C. §§ 101 *et seq.* and secured the exclusive rights and privileges in and to the copyrights of the above-referenced works described in Paragraphs 9 through 11 above.

23. Defendant SOL ANGELES manufactures and sells clothing directly

to the public through its website www.sol-angeles.com and also through other third-party retail vendors such as Defendants SAKS, HAUS OF HANZ, S+J, RUELALA, MAISONETTE, BLUEFLY, CARO BAMBINO, and NEIMAN MARCUS.

24.     Defendant S+J sells clothing merchandise directly to the public through its website www.sergeandjane.com.

25.     Defendant MAISONETTE sells clothing merchandise directly to the public through its website www.MAISONETTE.com

26.     Defendant SAKS sells clothing merchandise directly to the public through its website www.SAKSfifthavenue.com.

27.     Defendant HAUS OF HANZ sells clothing merchandise directly to the public through its website www.hausofhanz.com.

28.     Defendant RUELALA sells clothing merchandise directly to the public through its website www.RUELALA.com.

29.     Defendant BLUEFLY sells clothing merchandise directly to the public through its website www.BLUEFLY.com.

30.     Defendant CARO BAMBINO sells clothing directly to the public through its website www.carobambino.com.

31.     Defendant NEIMAN MARCUS sells clothing merchandise directly to the public through its website www.neimanmarcus.com.

# FIRST CLAIM FOR RELIEF
## (Copyright Infringement – the FK-007 surface design)
## (Against Defendants SOL ANGELES, MYERS, S+J, and MAISONETTE)

32.     Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 31 as if fully restated herein.

33.     On or about September 27, 2021, Plaintiff discovered that garments from Defendant SOL ANGELES' Tropical Jungle series, including but not limited to the Velour Tropical Jungle Hoodie ("Tropical Jungle Hoodie"), the Velour Tropical Jungle Jogger ("Tropical Jungle Jogger"), and the Tropical Jungle Bike Short were being offered for sale in various sizes on the websites of Defendants SOL ANGELES, S+J, and MAISONETTE.

34.     Based on information and belief, Defendants SOL ANGELES, S+J, and MAISONETTE have sold garments from the Tropical Jungle series in this District.

35.     The Tropical Jungle garments bear a print design that is substantially similar or identical to Plaintiff's copyrighted FK-007 surface design. A side-by-side comparison of Plaintiff's copyrighted FK-007 surface design and Defendant SOL ANGELES' Tropical Jungle pattern as displayed on the Tropical Jungle Bike Short is set forth in Figure 1 below:

///

///

**Figure 1**

**FK-007**



**Tropical Jungle**



36.     Plaintiff has neither licensed Defendants SOL ANGELES, S+J, or

MAISONETTE to reproduce or sell the copyrighted FK-007 surface design nor

sold fabric to Defendants SOL ANGELES, S+J, or MAISONETTE containing the

copyrighted FK-007 surface design. Plaintiff also has not been compensated for

Defendants SOL ANGELES, S+J, or MAISONETTE's use of the copyrighted FK-

007 surface design. Defendants SOL ANGELES, S+J, and MAISONETTE's

manufacture and/or sale of clothing bearing a surface design substantially similar

or identical to Plaintiff's copyrighted FK-007 surface design are therefore

unauthorized.

37.     Based on information and belief, Defendants SOL ANGELES, S+J,

and MAISONETTE had access to Plaintiff's FK-007 surface design, including,

without limitation, through (a) Plaintiff's website or place of business; (b) access to

illegally distributed copies of the FK-007 surface design by third-party vendors; (c)

access to Plaintiff's strike-offs or samples; (d) access to samples displayed by Plaintiff's licensees; and/or (e) access to garments in the marketplace manufactured with lawfully printed fabric bearing the FK-007 surface design.

38.     The acts by Defendants SOL ANGELES, S+J, and MAISONETTE complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

39.     Plaintiff's counsel sent a notice of copyright infringement to Defendant SOL ANGELES via e-mail on September 29, 2021. Plaintiff's counsel sent a second notice of copyright infringement to Defendant SOL ANGELES via email on October 20, 2021. Plaintiff's counsel then sent a third notice of infringement to Defendant SOL ANGELES via email on October 27, 2021.

40.     On December 17, 2021, Plaintiff's counsel sent notices of copyright infringement to Defendants S+J and MAISONETTE or their counsel via e-mail.

41.     Defendants SOL ANGELES, S+J, and MAISONETTE continued to sell garments from the Tropical Jungle series after the notices of copyright infringement were delivered. Attached as Exhibit 5 is the webpage showing the Tropical Jungle garments available for purchase on Defendant SOL ANGELES' website on January 18, 2022. Attached as Exhibit 6 is the webpage offering the Kids Tropical Jungle Jogger for sale on Defendant S+J's website on January 18, 2022. Attached as Exhibits 7 and 8, respectively, are the webpages offering the

Tropical Jungle Hoodie and Tropical Jungle Bike Short for sale on Defendant MAISONETTE's website on January 18, 2022.

42.     Based on information and belief, Defendants SOL ANGELES, S+J, and MAISONETTE have realized profits as a direct and proximate result of their wrongful conduct.

43.     Due to Defendants SOL ANGELES, S+J, and MAISONETTE's continued sale of the Tropical Jungle garments after being notified of the infringement, they have willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

44.     As a member and principal of Defendant SOL ANGELES, Defendant MYERS had the right and ability to stop or limit Defendant SOL ANGELES' infringement but failed to exercise that right.

45.     As a member and principal of Defendant SOL ANGELES, Defendant MYERS enjoyed a direct financial benefit from Defendant SOL ANGELES' direct infringement of the FK-007 surface design.

46.     Defendant MYERS has therefore vicariously infringed Plaintiff's copyright of the FK-007 surface design.

47.     As a direct and proximate result of the infringement by Defendants SOL ANGELES, MYERS, S+J, and MAISONETTE, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C.

§ 504(b), Plaintiff is further entitled to recover the profits of Defendants SOL ANGELES, MYERS, S+J, and MAISONETTE attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

48.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against Defendants SOL ANGELES, MYERS, S+J and MAISONETTE.

49.     As a direct and proximate result of the infringement by Defendants SOL ANGELES, MYERS, S+J, and MAISONETTE, Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

50.     Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

**SECOND CLAIM FOR RELIEF**
**(Copyright Infringement – the EH-3C20 surface design)**
**(Against Defendants SOL ANGELES, MYERS, S+J, SAKS, HAUS OF HANZ, and RUELALA)**

51.     Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 50 as if fully restated herein.

52.     On or about October 23, 2021, Plaintiff discovered that garments from Defendant SOL ANGELES' Tropical Noir series, including but not limited to the Tropical Noir Print Dress, Tropical Noir Dolphin Short, Baby Tropical Noir

Jogger, Tropical Noir Tank, and Tropical Noir Pullover, were being offered for sale on the websites of Defendants S+J, SAKS, HAUS OF HANZ, and RUELALA.

53. Based on information and belief, Defendants SOL ANGELES, S+J, SAKS, HAUS OF HANZ, and RUELALA have sold garments from the Tropical Noir series in this District.

54. The Tropical Noir garments bear a print design that is substantially similar or identical to Plaintiff's copyrighted EH-3C20 surface design. A side-by-side comparison of Plaintiff's copyrighted EH-C320 surface design and Defendant SOL ANGELES' Tropical Noir pattern as displayed on the Tropical Noir Print Dress is set forth in Figure 2 below:

**Figure 2**

| **EH-3C20** | **Tropical Noir** |




55. Plaintiff has neither licensed Defendants SOL ANGELES, S+J, SAKS, HAUS OF HANZ, or RUELALA to reproduce or sell the copyrighted EH-

3C20 surface design nor sold fabric to Defendants SOL ANGELES, SAKS, HAUS OF HANZ, S+J, or RUELALA containing the copyrighted EH-3C20 surface design. Plaintiff also has not been compensated for Defendants SOL ANGELES, SAKS, HAUS OF HANZ, S+J, or RUELALA's use of the copyrighted EH-3C20 surface design. Defendants SOL ANGELES, SAKS, HAUS OF HANZ, S+J, and RUELALA's manufacture and/or sale of clothing bearing a surface design substantially similar or identical to Plaintiff's copyrighted EH-3C20 surface design are therefore unauthorized.

56.     Based on information and belief, Defendants SOL ANGELES, SAKS, HAUS OF HANZ, S+J, and RUELALA had access to Plaintiff's EH-3C20 surface design, including, without limitation, through (a) Plaintiff's website or place of business; (b) access to illegally distributed copies of the EH-3C20 surface design by third-party vendors; (c) access to Plaintiff's strike-offs or samples; (d) access to samples displayed by Plaintiff's licensees; and/or (e) access to garments in the marketplace manufactured with lawfully printed fabric bearing the EH-3C20 surface design.

57.     The acts by Defendants SOL ANGELES, SAKS, HAUS OF HANZ, S+J, and RUELALA complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

58.     On October 27, 2021, Plaintiff's counsel sent a notice of copyright infringement to Defendant SOL ANGELES via e-mail.

59.     On December 17, 2021, Plaintiff's counsel sent notices of copyright infringement to Defendants S+J and RUELALA or their respective counsel via e-mail.

60.     On December 20, 2021, Plaintiff's counsel sent notices of copyright infringement to Defendants SAKS and HAUS OF HANZ or their respective counsel via Certified Mail. The notice sent via Certified Mail to Defendant HAUS OF HANZ was delivered on December 23, 2021. The notice to Defendant SAKS via Certified Mail was delivered on December 30, 2021.

61.     Defendants SAKS and HAUS OF HANZ continued to sell garments from the Tropical Noir series after the notices of copyright infringement were delivered. Attached as Exhibit 9 is the webpage offering the Tropical Noir Print Dress for sale on Defendant SAKS's website on January 3, 2022. Attached as Exhibits 10 and 11 are the webpages offering the Kids Tropical Noir Dress and Baby Jogger for sale on Defendant HAUS OF HANZ's website on December 31, 2021.

62.     Based on information and belief, Defendants SOL ANGELES, S+J, SAKS, HAUS OF HANZ, and RUELALA have realized profits as a direct and proximate result of their wrongful conduct.

63.     Due to Defendants SOL ANGELES, SAKS, and HAUS OF HANZ's continued sale of the Tropical Noir garments after being notified after the infringement, they have willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

64.     As a member and principal of Defendant SOL ANGELES, Defendant MYERS had the right and ability to stop or limit Defendant SOL ANGELES' infringement but failed to exercise that right.

65.     As a member and principal of Defendant SOL ANGELES, Defendant MYERS enjoyed a direct financial benefit from Defendant SOL ANGELES' direct infringement of the EH-3C20 surface design.

66.     Defendant MYERS has therefore vicariously infringed Plaintiff's copyright of the EH-3C20 surface design.

67.     As a direct and proximate result of the infringement by Defendants SOL ANGELES, MYERS, S+J, SAKS, HAUS OF HANZ, and RUELALA, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover the profits of Defendants SOL ANGELES, MYERS, S+J, SAKS, HAUS OF HANZ, and RUELALA attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

/ / / /

68.     Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to statutory damages up to $150,000 against Defendants SOL ANGELES, MYERS, SAKS, HAUS OF HANZ and $30,000 against Defendants S+J and RUELALA.

69.     As a direct and proximate result of the infringement by Defendants SOL ANGELES, MYERS, S+J, SAKS, HAUS OF HANZ and RUELALA, Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

70.     Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

### THIRD CLAIM FOR RELIEF
### (Copyright Infringement – the CF-009 surface design)
### (Against Defendants SOL ANGELES, MYERS, S+J, SAKS, HAUS OF HANZ, BLUEFLY, and CARO BAMBINO)

71.     Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 70 as if fully restated herein.

72.     On or about October 23, 2021, Plaintiff discovered that garments from Defendant SOL ANGELES' Coconut Grove and Banana Blues series, including but not limited to the Coconut Grove T-Shirt Dress, the Coconut Grove Jogger, the Coconut Grove Pullover, the Coconut Grove Sweatshirt, the Coconut Grove Face Mask, and the Banana Blues Crew Shirt, were being offered for sale in various

sizes on the websites of Defendants SOL ANGELES, SAKS, HAUS OF HANZ,
BLUEFLY, and CARO BAMBINO.

73.     Based on information and belief, Defendants SOL ANGELES, S+J,
SAKS, HAUS OF HANZ, BLUEFLY, and CARO BAMBINO have sold garments
from the Coconut Grove and Banana Blues series in this District.

74.     The Coconut Grove and Banana Blues garments bear a print design
that is substantially similar or identical to Plaintiff's copyrighted CF-009 surface
design. Side-by-side comparisons of Plaintiff's CF-009 surface design with
Defendant SOL ANGELES' Coconut Grove and Banana Blues designs are set
forth in Figure 3 below:

**Figure 3**

**CF-009**                    **Coconut Grove**





**Banana Blues**

COMPLAINT - 18

75.      Plaintiff has neither licensed Defendants SOL ANGELES, S+J, SAKS, HAUS OF HANZ, BLUEFLY, or CARO BAMBINO to reproduce or sell the copyrighted CF-009 surface design nor sold fabric to Defendants SOL ANGELES, S+J, SAKS, HAUS OF HANZ, BLUEFLY, or CARO BAMBINO containing the copyrighted CF-009 surface design. Plaintiff also has not been compensated for Defendants SOL ANGELES, S+J, SAKS, HAUS OF HANZ, BLUEFLY, or CARO BAMBINO's use of the copyrighted CF-009 surface design. Defendants SOL ANGELES, S+J, SAKS, HAUS OF HANZ, BLUEFLY, and CARO BAMBINO's manufacture and/or sale of clothing bearing a surface design substantially similar or identical to Plaintiff's copyrighted CF-009 surface design is therefore unauthorized.

76.      Based on information and belief, Defendants SOL ANGELES, S+J, SAKS, HAUS OF HANZ, BLUEFLY, and CARO BAMBINO had access to Plaintiff's CF-009 surface design, including, without limitation, through (a) Plaintiff's website or place of business; (b) access to illegally distributed copies of the CF-009 surface design by third-party vendors; (c) access to Plaintiff's strike-offs or samples; (d) access to samples displayed by Plaintiff's licensees;  and/or (e) access to garments in the marketplace manufactured with lawfully printed fabric bearing the CF-009 surface design.

/ / / /

77. The acts by Defendants SOL ANGELES, S+J, SAKS, HAUS OF HANZ, BLUEFLY, and CARO BAMBINO complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

78. On October 27, 2021, Plaintiff's counsel sent a notice of copyright infringement to Defendant SOL ANGELES.

79. On December 17, 2021, Plaintiff's counsel sent a notice of copyright infringement to Defendant S+J via e-mail.

80. On December 20, 2021, Plaintiff's counsel sent a notice of copyright infringement to BLUEFLY via e-mail.

81. On December 20, 2021, Plaintiff's counsel sent a notice of copyright infringement to Defendant HAUS OF HANZ via Certified Mail. The notice was delivered on December 23, 2021.

82. On January 4, 2022, Plaintiff's counsel sent notices of copyright infringement to Defendants SAKS and CARO BAMBINO via e-mail.

83. Defendants SOL ANGELES, HAUS OF HANZ, S+J, and BLUEFLY continued to sell garments from the Coconut Grove and Banana Blues series after the notices of copyright infringement were delivered. Attached as Exhibit 12 is a copy of a webpage offering the Coconut Grove Adult Face Mask for sale on Defendant SOL ANGELES' website on January 3, 2022. Attached as Exhibit 13 is

a copy of a webpage showing the Banana Blues garments available for purchase on Defendant SOL ANGELES' website on January 18, 2022. Attached as Exhibit 14 is the webpage offering the Banana Blues Crew for sale on Defendant S+J's website on January 18, 2022. Attached as Exhibits 15 and 16 are copies of webpages offering the Coconut Grove Baby Jogger and Coconut Grove Baby Pullover for sale on Defendant HAUS OF HANZ's website on January 3, 2022. Attached as Exhibit 17 is the webpage offering the Banana Blues Jogger for sale on Defendant BLUEFLY's website on January 18, 2022.

84.     Based on information and belief, Defendants SOL ANGELES, S+J, SAKS, HAUS OF HANZ, BLUEFLY, and CARO BAMBINO have realized profits as a direct and proximate result of their wrongful conduct.

85.     Due to Defendants SOL ANGELES, S+J, HAUS OF HANZ, and BLUEFLY's continued sale of the Coconut Grove and Banana Blues garments after being notified of the infringements, they have willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

86.     As a member and principal of Defendant SOL ANGELES, Defendant MYERS had the right and ability to stop or limit Defendant SOL ANGELES' infringement but failed to exercise that right.

/ / / /

87.    As a member and principal of Defendant SOL ANGELES, Defendant MYERS enjoyed a direct financial benefit from Defendant SOL ANGELES' direct infringement of the CF-009 surface design.

88.    Defendant MYERS has therefore vicariously infringed Plaintiff's copyright of the CF-009 surface design.

89.    As a direct and proximate result of the infringement by Defendants SOL ANGELES, MYERS, S+J, SAKS, HAUS OF HANZ, BLUEFLY, and CARO BAMBINO, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover the profits of Defendants SOL ANGELES, MYERS, S+J, SAKS, HAUS OF HANZ, BLUEFLY, and CARO BAMBINO attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

90.    Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to statutory damages up to $150,000 against Defendants SOL ANGELES, MYERS, S+J, HAUS OF HANZ, BLUEFLY and $30,000 against Defendants SAKS and CARO BAMBINO.

91.    As a direct and proximate result of the infringement by Defendants SOL ANGELES, MYERS, S+J, SAKS, HAUS OF HANZ, BLUEFLY, and CARO BAMBINO, Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff

therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

92.     Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

## FOURTH CLAIM FOR RELIEF
### (Copyright Infringement – the HLK-803 surface design)
### (Against Defendants SOL ANGELES, MYERS, SAKS, and NEIMAN MARCUS)

93.     Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 92 as if fully restated herein.

94.     On or about February 1, 2022, Plaintiff discovered that garments from Defendant SOL ANGELES' Tropicali series, including but not limited to the Tropicali Cross Tank Dress, Tropicali Jogger, Tropical Pullover, and Tropical Tank Dress, were being offered for sale as part of the Spring 2022 collection on the websites of Defendants SOL ANGELES, SAKS, and NEIMAN MARCUS.

95.     Based on information and belief, Defendants SOL ANGELES, SAKS, and NEIMAN MARCUS have sold garments from the Tropicali series in this District.

96.     The Tropicali garments bear a print design that is substantially similar or identical to Plaintiff's copyrighted HLK-803 surface design. A side-by-side comparison of Plaintiff's HLK-803 surface design and Defendant SOL ANGELES' Tropicali design is set in forth in Figure 4 below:

**Figure 4**

**HLK-803**



**Tropicali**



97.     Plaintiff has neither licensed Defendants SOL ANGELES, SAKS, or

NEIMAN MARCUS to reproduce or sell the copyrighted HLK-803 surface design

nor sold fabric to Defendants SOL ANGELES, SAKS, or NEIMAN MARCUS

containing the copyrighted HLK-803 surface design. Plaintiff also has not been

compensated for Defendants SOL ANGELES, SAKS, or NEIMAN MARCUS's

use of the copyrighted HLK-803 surface design. Defendants SOL ANGELES,

SAKS, and NEIMAN MARCUS's manufacture and/or sale of clothing bearing a

surface design substantially similar or identical to Plaintiff's copyrighted HLK-803

surface design are therefore unauthorized.

98.     Based on information and belief, Defendants SOL ANGELES, SAKS,

and NEIMAN MARCUS had access to Plaintiff's HLK-803 surface design,

COMPLAINT - 24

including, without limitation, through (a) Plaintiff's website or place of business; (b) access to illegally distributed copies of the HLK-803 surface design by third-party vendors; (c) access to Plaintiff's strike-offs or samples; (d) access to samples displayed by Plaintiff's licensees; and/or (e) access to garments in the marketplace manufactured with lawfully printed fabric bearing the HLK-803 surface design.

99. The acts by Defendants SOL ANGELES, SAKS, and NEIMAN MARCUS complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

100. Based on information and belief, Defendants SOL ANGELES, SAKS, and NEIMAN MARCUS have realized profits as a direct and proximate result of their wrongful conduct.

101. As a member and principal of Defendant SOL ANGELES, Defendant MYERS had the right and ability to stop or limit Defendant SOL ANGELES' infringement but failed to exercise that right.

102. As a member and principal of Defendant SOL ANGELES, Defendant MYERS enjoyed a direct financial benefit from Defendant SOL ANGELES' direct infringement of the HLK-803 surface design.

103. Defendant MYERS has therefore vicariously infringed Plaintiff's copyright of the HLK-803 surface design.

/ / / /

104.     As a direct and proximate result of the infringement by Defendants SOL ANGELES, MYERS, SAKS, and NEIMAN MARCUS, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover the profits of Defendants SOL ANGELES, MYERS, SAKS, and NEIMAN MARCUS attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

105.     Alternatively, if the infringement commenced after Plaintiff's registration of the HLK-803 surface design, Plaintiff is entitled to statutory damages up to $30,000 against Defendants SOL ANGELES, MYERS, SAKS, and NEIMAN MARCUS pursuant to 17 U.S.C. § 504(c).

106.     As a direct and proximate result of the infringement by Defendants SOL ANGELES, MYERS, SAKS, and NEIMAN MARCUS, Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

107.     Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

/ / / /

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment of up to $480,000 and other relief as follows:

A. On Plaintiff's First Claim for Relief against Defendants SOL ANGELES, MYERS, S+J, and MAISONETTE:

    a.  That the above Defendants be adjudged to have infringed upon Plaintiff's copyrighted FK-007 surface design in violation of 17 U.S.C. § 501;

    b.  That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted FK-007 surface design;

    c.  That the above Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted FK-007 surface design;

    d.  That Plaintiff be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 against Defendants SOL ANGELES, MYERS, S+J, and MAISONETTE jointly and severally, pursuant to 17 U.S.C. § 504(c);

e.  That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f.  That Plaintiff be awarded pre- and post-judgment interest according to law; and

g.  That Plaintiff be awarded such other and further relief as is just and proper.

B.  On Plaintiff's Second Claim for Relief against Defendants SOL ANGELES, MYERS, S+J, SAKS, HAUS OF HANZ, and RUELALA:

a.  That the above Defendants be adjudged to have infringed upon Plaintiff's copyrighted EH-3C20 surface design in violation of 17 U.S.C. § 501;

b.  That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted EH-3C20 surface design;

c.  That the above Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted EH-3C20 surface design;

d.  That Plaintiff be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at

Plaintiff's election, statutory damages up to $150,000 against Defendants SOL ANGELES, MYERS, SAKS, and HAUS OF HANZ, jointly and severally, and $30,000 against Defendants S+J and RUELALA, jointly and severally, pursuant to 17 U.S.C. § 504(c);

e. That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f. That Plaintiff be awarded pre- and post-judgment interest according to law; and

g. That Plaintiff be awarded such other and further relief as is just and proper.

C. On Plaintiff's Third Claim for Relief against Defendants SOL ANGELES, MYERS, S+J, SAKS, HAUS OF HANZ, BLUEFLY, and CARO BAMBINO:

a. That the above Defendants be adjudged to have infringed upon Plaintiff's copyrighted CF-009 surface design in violation of 17 U.S.C. § 501;

b. That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted CF-009 surface design;

c. That the above Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted CF-009 surface design;

d. That Plaintiff be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 against SOL ANGELES, MYERS, S+J, HAUS OF HANZ, BLUEFLY, jointly and severally, and $30,000 against Defendant SAKS and CARO BAMBINO, jointly and severally, pursuant to 17 U.S.C. § 504(c);

e. That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f. That Plaintiff be awarded pre- and post-judgment interest according to law; and

g. That Plaintiff be awarded such other and further relief as is just and proper.

D. On Plaintiff's Fourth Claim for Relief against Defendants SOL ANGELES, MYERS, SAKS, and NEIMAN MARCUS:

a. That the above Defendants be adjudged to have infringed upon Plaintiff's copyrighted HLK-803 surface design in violation of 17 U.S.C. § 501;

b.  That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted HLK-803 surface design;

c.  That the above Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted HLK-803 surface design;

d.  That Plaintiff be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively if the infringement is found to have been commenced after the effective date of registration, statutory damages up to $30,000 against Defendant SOL ANGELES, MYERS, SAKS and NEIMAN MARCUS, jointly and severally, pursuant to 17 U.S.C. § 504(c);

e.  That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f.  That Plaintiff be awarded pre- and post-judgment interest according to law; and

////

g. That Plaintiff be awarded such other and further relief as is just and proper.

DATED this 10th day of February, 2022.

/s/ Leonard D. DuBoff_____
Leonard D. DuBoff, OSB # 774378
The DuBoff Law Group, PC
6665 SW Hampton Street, Suite 200
Portland, OR 97223-8357
Telephone: (503) 968-8111
lduboff@dubofflaw.com
Attorney *Pro Hac Vice* for Plaintiff

Local Counsel:
Matthew Swanlund (SBN 204542)
Aesthetic Legal, APLC
8055 W Manchester Ave., Ste. 310
Playa del Rey, CA 90293
Telephone: (310) 301-4545
matthew@aestheticlegal.com
Attorney for Plaintiff

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Leonard D. DuBoff_____
Leonard D. DuBoff, OSB # 774378
The DuBoff Law Group, PC
6665 SW Hampton Street, Suite 200
Portland, OR 97223-8357
Telephone: (503) 968-8111
lduboff@dubofflaw.com
Attorney *Pro Hac Vice* for Plaintiff

Local Counsel:
Matthew Swanlund (SBN 204542)
Aesthetic Legal, APLC
8055 W Manchester Ave., Ste. 310
Playa del Rey, CA 90293
Telephone: (310) 301-4545
matthew@aestheticlegal.com
Attorney for Plaintiff