UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-945 PA (RAOx) | Date | March 1, 2022 |
|---|---|---|---|
| Title | Trendtex Fabrics, Ltd. v. Craft Clothing LLC et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** ORDER TO SHOW CAUSE

The Court has reviewed the Complaint filed by plaintiff Trendtex Fabrics, Ltd. ("Plaintiff") against defendants Craft Clothing LLC (d/b/a "Sol Angeles"); Eli Myers ("Myers"); Serge and Jane LLC ("S+J"); Maisonette, Inc. ("Maisonette"); Saks.Com, LLC ("Saks"); Haus of Hanz, Inc. ("Haus of Hanz"); Ruelala, Inc. ("Ruelala"); Bluefly.com, LLC ("Bluefly"); Caro Bambino, LLC ("Caro Bambino"); and the Neiman Marcus Group, LLC,("Neiman Marcus") (collectively "Defendants"). Plaintiff is a corporation "which owns copyrights to various fabric surface designs" and it "sells fabrics bearing these copyrighted surface designs and also licenses the use of some surface designs to other fabric makers." (Dkt. 1 ("Compl.") at 1-6.) Plaintiff alleges that defendant "Sol Angeles manufactures and sells clothing directly to the public through its website www.sol-angeles.com and also through other third-party retail vendors such as Defendants Saks, Haus of Hanz, S+J, Ruelala, Maisonette, Bluefly, Caro Bambino, and Neiman Marcus." (Id. at ¶ 23.) Plaintiff asserts claims against Defendants for copyright infringement.

Federal Rule of Civil Procedure 20(a)(2), which allows for permissive joinder, provides:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-945 PA (RAOx) | Date | March 1, 2022 |
|---|---|---|---|
| Title | Trendtex Fabrics, Ltd. v. Craft Clothing LLC et al. | | |

Fed. R. Civ. P. 20(a)(2) (emphasis added). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

Based on the factual allegations in the Complaint, it does not appear that there is a question of fact or law common to all Defendants, nor is it clear that Plaintiff's claims arise out of the same transaction or occurrence. Plaintiff alleges that Defendants have manufactured and/or sold clothing bearing a surface design substantially similar or identical to one of Plaintiff's copyrighted surface designs—but not all Defendants infringed the same surface design. Plaintiff identifies four different surface designs: (1) Sol Angeles, Myers, S+J, and Maisonette manufactured and/or sold clothing infringing Plaintiff's FK-007 surface design; (2) Sol Angeles, Saks, Haus of Hanz, S+J, and Ruelala, manufactured and/or sold clothing infringing Plaintiff's EH-3C20 surface design; (3) Sol Angeles, S+J, Saks, Haus of Hanz, Bluefly and Caro Bambino, manufactured and/or sold clothing infringing Plaintiff's CF-009 surface design; and (4) Sol Angeles, Saks, and Neiman Marcus manufactured and/or sold clothing infringing on Plaintiff's HLK-803 surface design. (Compl. ¶¶ 32-107.) The Complaint further alleges that Defendants "had access to Plaintiff's [] surface design[s], including, without limitation, through (a) Plaintiff's website or place of business; (b) access to illegally distributed copies of the [] surface design by third-party vendors; (c) access to Plaintiff's strike-offs or samples; (d) access to samples displayed by Plaintiff's licensees; and/or (e) access to garments in the marketplace manufactured with lawfully printed fabric bearing the [] surface design." (See id. at ¶ 37.) As alleged in the Complaint, Plaintiff identified Myers as a member and principal of Sol Angeles and Myers "had the right and ability to stop or limit Sol Angeles' infringement but failed to exercise that right." (Id. at ¶ 44.) Plaintiff does not allege any other facts relevant to the Rule 20(a)(2) inquiry. Plaintiff "merely allege[s] that Defendants violated the same laws in comparable ways. Rule 20(a) requires more." See Visendi v. Bank of Am., N.A., 733 F.3d 863, 870 (9th Cir. 2013).

It appears that Plaintiff has improperly joined its claims against the majority of alleged infringers who have no apparent connection to one another, and who each allegedly infringed Plaintiff's intellectual property rights by misappropriating Plaintiff's designs. The Complaint does not sufficiently allege, identify, or explain any plausible relationship between the Defendants, excepting Myers and Craft Clothing (d/b/a Sol Angeles). See Klauber Bros., Inc. v. Be Wicked, Inc., No. CV 21-6886 PA (AGRX), 2021 WL 6618791, at *1 (C.D. Cal. Aug. 27, 2021); see, e.g., Golden Scorpio Corp. v. Steel Horse Bar & Grill, 596 F. Supp. 2d. 1282, 1285 (D. Ariz. 2009) (noting that "authority from other courts provides that allegations against multiple and unrelated defendants for acts of . . . copyright infringement do not support joinder under Rule 20(a)").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-945 PA (RAOx) | Date | March 1, 2022 |
|---|---|---|---|
| Title | Trendtex Fabrics, Ltd. v. Craft Clothing LLC et al. | | |

For these reasons, the Court orders Plaintiff to show cause in writing no later than **March 16, 2022**, why one or more of the Defendants should not be dropped from this case for improper joinder.  See Fed. R. Civ. P. 20, 21; see also Coughlin, 130 F.3d at 1351 (finding misjoinder where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light by the Court.").  In response to this Order to Show Cause, Plaintiff may, if it so chooses, limit its claims to Craft Clothing and Myers.  Plaintiff may then, if it so chooses, file separate actions against the other Defendants with new complaints and filing fees.  Failure to adequately respond to this Order to Show Cause may result, without further warning, in dismissal of the Complaint without prejudice.

IT IS SO ORDERED.