Leonard D. DuBoff (Pro Hac Vice)
The DuBoff Law Group, PC
6665 SW Hampton Street, Suite 200
Portland, Oregon 97223-8357
Telephone: (503) 968-8111
lduboff@dubofflaw.com
Fax: (503) 868-7228

Matthew Swanlund (SBN 204542)
Aesthetic Legal, APLC
8055 W Manchester Ave., Ste. 310
Playa del Rey, CA 90293
Telephone: (310) 301-4545
matthew@aestheticlegal.com
Attorney for Plaintiff

Attorneys for Plaintiff Trendtex Fabrics, Ltd.

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENDTEX FABRICS, LTD., | **Case No. 2:22-cv-00945-PA-RAO** |
| Plaintiff, | |
| v. | STIPULATED CONSENT JUDGMENT |
| CRAFT CLOTHING, LLC, a California limited liability company; ELI MYERS, an individual; | |
| Defendants. | |

### STIPULATED CONSENT JUDGMENT

As attested to by the signatures of the parties below, this matter comes before the Court on the parties' joint stipulation.

Plaintiff Trendtex Fabrics, LTD. filed a Complaint in this matter against the Defendants in the Central District of California district court for copyright infringement, 17 U.S.C. §§101, et seq.

After the complaint was filed, it was amended.

Defendants agreed and acknowledged service for the purposes of consenting to jurisdiction and enforcement by this Court.

The case was settled on May 25, 2022.

Defendants have at all times in the past denied and continue to deny the allegations against them in the pleadings, but nevertheless wished to resolve this matter and by agreeing to the settlement and this Stipulation make no admission regarding any issue of law or fact alleged against them in the pleadings.

Pursuant to the terms of the confidential settlement, in the event of a breach, as therein defined, Plaintiff is authorized to file this stipulation and consent judgment.

Plaintiff by filing this stipulation represents to this Court that the settlement was breached and to fully and finally resolve all claims between the parties and the matters before the Court hereby move for entry of this Stipulated Consent Judgment.

WHEREFORE IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned parties, AND ORDERED for all matters relevant to this case as follows:

1. This court has jurisdiction over the parties and venue is proper.

2. Plaintiff Trendtex Fabrics, LTD. claims to have valid and enforceable copyrights in the original copyrighted works as more fully described in the Second Amended Complaint which is attached hereto and made a part hereof.

3. Craft Clothing, LLC and Eli Myers ("Defendants") are the proper named defendants in

this case with respect to plaintiff's claims as more fully described in the Second
Amended Complaint.

4. Defendants and their counsel have fully reviewed the Complaint, Amended Complaint
   and the Second Amended Complaint (see attached), and the allegations of the Complaint,
   Amended Complaint and the Second Amended Complaint and the Defendants consent to
   having a judgment of $800,000 entered against them for the claims set forth in the
   Second Amended Complaint.

5. The parties agree and request that the below Money Judgment be entered against the
   Defendants.

MONEY JUDGMENT

A Money Judgment in favor of plaintiff Trendtex Fabrics, LTD. and against defendants
Craft Clothing, LLC and Eli Myers is awarded in the sum of $800,000. This figure includes costs
and fees incurred by plaintiffs.

SO ORDERED, this day: _____.

_____

**STIPULATION APPEARS ON FOLLOWING PAGE**

So Stipulated and Respectfully Submitted:


On Behalf of Plaintiff:                          On Behalf of Defendants:

TRENDTEX FABRICS, LTD.                           CRAFT CLOTHING, LLC

_Taylor Hamai_ (signature)                       _Eli Myers_ (signature)

Taylor Hamai                                     By: Eli Myers
Its President                                    Its Founder


Reviewed by:                                     _Eli Myers_ (signature)

/s/  Leonard D. DuBoff                           Eli Myers, individually
   Leonard D DuBoff, OSB #774378
   _Admitted pro hac vice_                       Reviewed by:
   Email: lduboff@dubofflaw.com
   The DuBoff Law Group PC                       /s/  James D. Stroffe (signature)
   6665 SW Hampton St Ste 200                    James D. Stroffe, CSB # 75100
   Portland OR  97223                            email: jstroffe@fsglawyers.com
   Phone: 503 968-8111 x112                      FSG Lawyers PC
   Counsel for plaintiff                         19800 MacArthur Blvd., Suite 1100
                                                 Irvine, CA 92612-2425
                                                 Phone: 949-265-1100
                                                 Counsel for Defendants

Leonard D. DuBoff (*Pro Hac Vice*)
**The DuBoff Law Group, PC**
6665 SW Hampton Street, Suite 200
Portland, Oregon 97223-8357
Telephone: (503) 968-8111
lduboff@dubofflaw.com
Fax: (503) 868-7228

Matthew Swanlund (SBN 204542)
Aesthetic Legal, APLC
8055 W Manchester Ave., Ste. 310
Playa del Rey, CA 90293
Telephone: (310) 301-4545
matthew@aestheticlegal.com
Attorney for Plaintiff

Attorneys for Plaintiff Trendtex Fabrics, Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENDTEX FABRICS, LTD., | **Case No. 2:22-cv-00945-PA-RAO** |
| Plaintiff, | **SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | |
| CRAFT CLOTHING, LLC, a California limited liability company; ELI MYERS, an individual; | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff Trendtex Fabrics, Ltd. ("Plaintiff"), by and through its undersigned counsel, hereby alleges as follows:

SECOND AMENDED COMPLAINT - 1

# NATURE OF THE ACTION

1.     This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of the defendants' unauthorized reproduction and sale of copyrighted fabric surface designs owned and registered by Plaintiff. Accordingly, Plaintiff seeks relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

# JURISDICTION AND VENUE

2.     This Court has original subject matter jurisdiction under 17 U.S.C. §§ 101 et seq. and 28 U.S.C. §§ 1331 and 1338, as these claims arise under the laws of the United States.

3.     This court has personal jurisdiction over the defendants. All defendants are either residents of this District or have their principal places of business in this District.

4.     Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1391 and 1400 because this is the state and District where a substantial part of the events giving rise to the claims occurred, and the acts of infringement complained of herein have occurred within this state and District.

# PARTIES

5.     Plaintiff is a business corporation incorporated under the laws of the State of Hawaii which owns copyrights to various fabric surface designs.

6.      Defendant CRAFT CLOTHING, LLC ("SOL ANGELES") is a limited liability company that does business under the trade name SOL ANGELES, that is organized in the State of California, and has its principal place of business in Los Angeles, California.

7.      Based on information and belief, Defendant ELI MYERS ("Defendant MYERS") is an individual who is a member and principal of Defendant SOL ANGELES and is a resident of Los Angeles, California.

## BACKGROUND FACTS

8.      Plaintiff is a fabric wholesaler that owns the copyrights to numerous Hawaiian print surface designs. As the premier company for Hawaiian print surface designs, Plaintiff sells fabrics bearing these copyrighted surface designs and also licenses the use of some surface designs to other fabric makers.

9.      Plaintiff makes samples of its designs publicly available for viewing both on its website https://trendtex-fabrics.com and in person at its place of business. Samples of designs that have been licensed to other fabric makers are also publicly available for viewing, with Plaintiff's consent, at the licensees' places of business and/or websites. These public displays of the copyrighted surface designs are for advertising and sales purposes only; they do not give viewers a license to use the designs without Plaintiff's license, authorization, or consent.

10.     At all relevant times, Plaintiff has been the owner of a Hawaiian print

fabric surface design identified as FK-007 that has been registered with the United

States Copyright Office. A true and correct copy of the copyright registration

certificate VAu 1-327-807 for the surface design collection containing the FK-007

surface design, together with a sample of the FK-007 surface design itself, is

attached as Exhibit 1.

11.     At all relevant times, Plaintiff has been the owner of a Hawaiian print

fabric surface design identified as EH-3C20 that has been registered with the

United States Copyright Office. A true and correct copy of the copyright

registration certificate VAu 595-752 for the surface design collection containing

the EH-3C20 surface design, together with a sample of the EH-3C20 surface

design itself, is attached as Exhibit 2.

12.     At all relevant times, Plaintiff has been the owner of a Hawaiian print

fabric surface design identified as CF-009 that has been registered with the United

States Copyright Office. A true and correct copy of the copyright registration

certificate VAu 1-159-378 for the surface design collection containing the CF-009

surface design, together with a sample of the CF-009 surface design itself, is

attached as Exhibit 3.

13.     At all relevant times, Plaintiff has been the owner of a Hawaiian print

fabric surface design identified as HLK-803. After owning the HLK-803 surface

design for several years, Plaintiff registered it with the United States Copyright

SECOND AMENDED COMPLAINT - 4

Office with an effective date of October 26, 2021. A true and correct copy of the copyright registration certificate VAu 1-447-405 for the surface design collection containing the HLK-803 surface design, together with a sample of the HLK-803 surface design itself, is attached as Exhibit 4.

14.     At all relevant times, Plaintiff has been the owner of a Hawaiian print fabric surface design identified as AU-007 that has been registered with the United States Copyright Office. A true and correct copy of the copyright registration certificate VAu 1-049-898 for the surface design collection containing the AU-007 surface design, together with a sample of the AU-007 surface design itself, is attached as Exhibit 5.

15.     At all relevant times, Plaintiff has been the owner of a Hawaiian print fabric surface design identified as FY-007 that has been registered with the United States Copyright Office. A true and correct copy of the copyright registration certificate VAu 1-354-818 for the surface design collection containing the FY-007 surface design, together with a sample of the FY-007 surface design itself, is attached as Exhibit 6.

16.     At all relevant times, Plaintiff has been the owner of a Hawaiian print fabric surface design identified as FF-015 that has been registered with the United States Copyright Office. A true and correct copy of the copyright registration certificate VAu 960-448 for the surface design collection containing the FF-015

SECOND AMENDED COMPLAINT - 5

surface design, together with a sample of the FF-015 surface design itself, is attached as Exhibit 7.

17.    At all relevant times, Plaintiff has been the owner of a Hawaiian print fabric surface design identified as HH-006R that has been registered with the United States Copyright Office. A true and correct copy of the copyright registration certificate VAu 980-441 for the surface design collection containing the HH-006R surface design, together with a sample of the HH-006R surface design itself, is attached as Exhibit 8.

18.    Plaintiff has complied in all respects with 17 U.S.C. §§ 101 *et seq.* and secured the exclusive rights and privileges in and to the copyrights of the above-referenced works described in Paragraphs 10 through 15 above.

19.    Defendant SOL ANGELES manufactures and sells clothing directly to the public through its website www.sol-angeles.com and also through websites of third-party retail vendors, including but not limited to SaksFifthAvenue.com, HausofHanz.com, SergeandJane.com, RueLaLa.com, Maisonette.com, BlueFly.com, CaroBambino.com, NeimanMarcus.com, BergdorfGoodman.com.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement – the FK-007 surface design)

20.    Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 19 as if fully restated herein.

21.    On or about September 27, 2021, Plaintiff discovered that garments

SECOND AMENDED COMPLAINT - 6

from Defendant SOL ANGELES' Tropical Jungle series, including but not limited to the Velour Tropical Jungle Hoodie ("Tropical Jungle Hoodie"), the Velour Tropical Jungle Jogger ("Tropical Jungle Jogger"), and the Tropical Jungle Bike Short were being offered for sale in various sizes on Defendant SOL ANGELES' website, as well as on SergeandJane.com and Maisonette.com.

22.     Based on information and belief, Defendant SOL ANGELES has sold garments from the Tropical Jungle series in this District.

23.     The Tropical Jungle garments bear a print design that is substantially similar or identical to Plaintiff's copyrighted FK-007 surface design. A side-by-side comparison of Plaintiff's copyrighted FK-007 surface design and Defendant SOL ANGELES' Tropical Jungle pattern as displayed on the Tropical Jungle Bike Short is set forth in Figure 1 below:

**Figure 1**

**FK-007**          **Tropical Jungle**




24.     Plaintiff has neither licensed Defendant SOL ANGELES to reproduce

SECOND AMENDED COMPLAINT - 7

or sell the copyrighted FK-007 surface design nor sold fabric to Defendant SOL ANGELES containing the copyrighted FK-007 surface design. Plaintiff also has not been compensated for Defendant SOL ANGELES' use of the copyrighted FK-007 surface design. Defendant SOL ANGELES' manufacture and/or sale of clothing bearing a surface design substantially similar or identical to Plaintiff's copyrighted FK-007 surface design is therefore unauthorized.

25.     Based on information and belief, Defendant SOL ANGELES had access to Plaintiff's FK-007 surface design, including, without limitation, through (a) Plaintiff's website or place of business; (b) access to illegally distributed copies of the FK-007 surface design by third-party vendors; (c) access to Plaintiff's strike-offs or samples; (d) access to samples displayed by Plaintiff's licensees; and/or (e) access to garments in the marketplace manufactured with lawfully printed fabric bearing the FK-007 surface design.

26.     The acts by Defendant SOL ANGELES complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

27.     Plaintiff's counsel sent a notice of copyright infringement to Defendant SOL ANGELES via e-mail on September 29, 2021. Plaintiff's counsel sent a second notice of copyright infringement to Defendant SOL ANGELES via email on October 20, 2021. Plaintiff's counsel then sent a third notice of

SECOND AMENDED COMPLAINT - 8

infringement to Defendant SOL ANGELES via email on October 27, 2021.

28.     Defendant SOL ANGELES continued to sell garments from the Tropical Jungle series after the notices of copyright infringement were delivered. Attached as Exhibit 9 is the webpage showing the Tropical Jungle garments available for purchase on Defendant SOL ANGELES' website on January 18, 2022.

29.     Based on information and belief, Defendant SOL ANGELES has realized profits as a direct and proximate result of its wrongful conduct.

30.     Due to Defendant SOL ANGELES' continued sale of the Tropical Jungle garments after being notified of the infringement, it has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

31.     As a member and principal of Defendant SOL ANGELES, Defendant MYERS had the right and ability to stop or limit Defendant SOL ANGELES' infringement but failed to exercise that right.

32.     As a member and principal of Defendant SOL ANGELES, Defendant MYERS enjoyed a direct financial benefit from Defendant SOL ANGELES' direct infringement of the FK-007 surface design.

33.     Defendant MYERS has therefore vicariously infringed Plaintiff's copyright of the FK-007 surface design.

34.     As a direct and proximate result of the infringement by Defendants,

SECOND AMENDED COMPLAINT - 9

Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover Defendants' profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

35.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against Defendants.

36.     As a direct and proximate result of the infringement by Defendants, Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

37.     Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

**SECOND CLAIM FOR RELIEF**
**(Copyright Infringement – the EH-3C20 surface design)**

38.     Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 37 as if fully restated herein.

39.     On or about October 23, 2021, Plaintiff discovered that garments from Defendant SOL ANGELES' Tropical Noir series, including but not limited to the Tropical Noir Print Dress, Tropical Noir Dolphin Short, Baby Tropical Noir Jogger, Tropical Noir Tank, and Tropical Noir Pullover, were being offered for sale on SergeandJane.com, SaksFifthAvenue.com, HausofHanz.com, and

RueLaLa.com.

40.     Based on information and belief, Defendant SOL ANGELES has sold garments from the Tropical Noir series in this District.

41.     The Tropical Noir garments bear a print design that is substantially similar or identical to Plaintiff's copyrighted EH-3C20 surface design. A side-by-side comparison of Plaintiff's copyrighted EH-C320 surface design and Defendant SOL ANGELES' Tropical Noir pattern as displayed on the Tropical Noir Print Dress is set forth in Figure 2 below:

**Figure 2**

**EH-3C20**                                **Tropical Noir**

                       

42.     Plaintiff has neither licensed Defendant SOL ANGELES to reproduce or sell the copyrighted EH-3C20 surface design nor sold fabric to Defendant SOL ANGELES containing the copyrighted EH-3C20 surface design. Plaintiff also has not been compensated for Defendant SOL ANGELES' use of the copyrighted EH-3C20 surface design. Defendant SOL ANGELES' manufacture and/or sale of

SECOND AMENDED COMPLAINT - 11

clothing bearing a surface design substantially similar or identical to Plaintiff's copyrighted EH-3C20 surface design is therefore unauthorized.

43. Based on information and belief, Defendant SOL ANGELES had access to Plaintiff's EH-3C20 surface design, including, without limitation, through (a) Plaintiff's website or place of business; (b) access to illegally distributed copies of the EH-3C20 surface design by third-party vendors; (c) access to Plaintiff's strike-offs or samples; (d) access to samples displayed by Plaintiff's licensees; and/or (e) access to garments in the marketplace manufactured with lawfully printed fabric bearing the EH-3C20 surface design.

44. The acts by Defendant SOL ANGELES complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

45. On October 27, 2021, Plaintiff's counsel sent a notice of copyright infringement to Defendant SOL ANGELES via e-mail.

46. Based on information and belief, Defendant SOL ANGELES has realized profits as a direct and proximate result of its wrongful conduct.

47. Tropical Noir garments continued to be available for sale on SaksFifthAvenue.com and HausofHanz.com in January 2022.

48. Based on information and belief, Defendant SOL ANGELES has willfully engaged in the acts complained of in conscious disregard of Plaintiff's

rights, including but not limited to failing to notify third-party vendors to cease marketing and selling the infringing garments after receiving written notice from Plaintiff.

49.     As a member and principal of Defendant SOL ANGELES, Defendant MYERS had the right and ability to stop or limit Defendant SOL ANGELES' infringement but failed to exercise that right.

50.     As a member and principal of Defendant SOL ANGELES, Defendant MYERS enjoyed a direct financial benefit from Defendant SOL ANGELES' direct infringement of the EH-3C20 surface design.

51.     Defendant MYERS has therefore vicariously infringed Plaintiff's copyright of the EH-3C20 surface design.

52.     As a direct and proximate result of the infringement by Defendants, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover Defendants' profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

53.     Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to statutory damages up to $150,000 against Defendants.

54.     As a direct and proximate result of the infringement by Defendants, Plaintiff has sustained and will continue to sustain substantial and irreparable harm

for which there is no adequate remedy at law. Plaintiff therefore is entitled to a

permanent injunction restraining and enjoining the infringing conduct.

55.     Plaintiff is further entitled to recover its full costs and attorney fees

pursuant to 17 U.S.C. § 505.

**THIRD CLAIM FOR RELIEF**
**(Copyright Infringement – the CF-009 surface design)**

56.     Plaintiff incorporates by reference all of the allegations contained in

Paragraphs 1 through 55 as if fully restated herein.

57.     On or about October 23, 2021, Plaintiff discovered that garments from

Defendant SOL ANGELES' Coconut Grove and Banana Blues series, including

but not limited to the Coconut Grove T-Shirt Dress, the Coconut Grove Jogger, the

Coconut Grove Pullover, the Coconut Grove Sweatshirt, the Coconut Grove Face

Mask, and the Banana Blues Crew Shirt, were being offered for sale in various

sizes on Defendant SOL ANGELES' website, as well as on SaksFifthAvenue.com,

HausofHanz.com, BlueFly.com, and CaroBambino.com.

58.     Based on information and belief, Defendant SOL has sold garments

from the Coconut Grove and Banana Blues series in this District.

59.     The Coconut Grove and Banana Blues garments bear a print design

that is substantially similar or identical to Plaintiff's copyrighted CF-009 surface

design. Side-by-side comparisons of Plaintiff's CF-009 surface design with

Defendant SOL ANGELES' Coconut Grove and Banana Blues designs are set

forth in Figure 3 below:

**Figure 3**

**CF-009**

**Coconut Grove**

**Banana Blues**



60.     Plaintiff has neither licensed Defendant SOL ANGELES to reproduce or sell the copyrighted CF-009 surface design nor sold fabric to Defendant SOL ANGELES containing the copyrighted CF-009 surface design. Plaintiff also has not been compensated for Defendant SOL ANGELES' use of the copyrighted CF-009 surface design. Defendant SOL ANGELES' manufacture and/or sale of clothing bearing a surface design substantially similar or identical to Plaintiff's copyrighted CF-009 surface design is therefore unauthorized.

61.     Based on information and belief, Defendant SOL ANGELES had access to Plaintiff's CF-009 surface design, including, without limitation, through

SECOND AMENDED COMPLAINT - 15

(a) Plaintiff's website or place of business; (b) access to illegally distributed copies of the CF-009 surface design by third-party vendors; (c) access to Plaintiff's strike-offs or samples; (d) access to samples displayed by Plaintiff's licensees;  and/or (e) access to garments in the marketplace manufactured with lawfully printed fabric bearing the CF-009 surface design.

62.     The acts by Defendant SOL ANGELES complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

63.     On October 27, 2021, Plaintiff's counsel sent a notice of copyright infringement to Defendant SOL ANGELES.

64.     Defendant SOL ANGELES continued to sell garments from the Coconut Grove and Banana Blues series after the notices of copyright infringement were delivered. Attached as Exhibit 10 is a copy of a webpage offering the Coconut Grove Adult Face Mask for sale on Defendant SOL ANGELES' website on January 3, 2022. Attached as Exhibit 11 is a copy of a webpage showing the Banana Blues garments available for purchase on Defendant SOL ANGELES' website on January 18, 2022.

65.     Based on information and belief, Defendant SOL ANGELES has realized profits as a direct and proximate result of its wrongful conduct.

66.     Due to Defendant SOL ANGELES' continued sale of the Coconut

SECOND AMENDED COMPLAINT - 16

Grove and Banana Blues garments after being notified of the infringements, it has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

67.     As a member and principal of Defendant SOL ANGELES, Defendant MYERS had the right and ability to stop or limit Defendant SOL ANGELES' infringement but failed to exercise that right.

68.     As a member and principal of Defendant SOL ANGELES, Defendant MYERS enjoyed a direct financial benefit from Defendant SOL ANGELES' direct infringement of the CF-009 surface design.

69.     Defendant MYERS has therefore vicariously infringed Plaintiff's copyright of the CF-009 surface design.

70.     As a direct and proximate result of the infringement by Defendants, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover Defendants' profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

71.     Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to statutory damages up to $150,000 against Defendants.

72.     As a direct and proximate result of the infringement by Defendants, Plaintiff has sustained and will continue to sustain substantial and irreparable harm

SECOND AMENDED COMPLAINT - 17

for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

73.     Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

**FOURTH CLAIM FOR RELIEF**
**(Copyright Infringement – the HLK-803 surface design)**

74.     Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 73 as if fully restated herein.

75.     On or about February 1, 2022, Plaintiff discovered that garments from Defendant SOL ANGELES' Tropicali series, including but not limited to the Tropicali Cross Tank Dress, Tropicali Jogger, Tropical Pullover, and Tropicali Tier Tank Dress, were being offered for sale as part of the Spring 2022 collection on Defendant SOL ANGELES' website, as well as on SaksFifthAvenue.com and NeimanMarcus.com.

76.     Based on information and belief, Defendant SOL ANGELES has sold garments from the Tropicali series in this District.

77.     The Tropicali garments bear a print design that is substantially similar or identical to Plaintiff's copyrighted HLK-803 surface design. A side-by-side comparison of Plaintiff's HLK-803 surface design and Defendant SOL ANGELES' Tropicali design is set in forth in Figure 4 below:

**Figure 4**

SECOND AMENDED COMPLAINT - 18

**HLK-803**                                    **Tropicali**

                           

78.     Plaintiff has neither licensed Defendant SOL ANGELES to reproduce or sell the copyrighted HLK-803 surface design nor sold fabric to Defendant SOL ANGELES containing the copyrighted HLK-803 surface design. Plaintiff also has not been compensated for Defendant SOL ANGELES' use of the copyrighted HLK-803 surface design. Defendant SOL ANGELES' manufacture and/or sale of clothing bearing a surface design substantially similar or identical to Plaintiff's copyrighted HLK-803 surface design is therefore unauthorized.

79.     Based on information and belief, Defendant SOL ANGELES had access to Plaintiff's HLK-803 surface design, including, without limitation, through (a) Plaintiff's website or place of business; (b) access to illegally distributed copies of the HLK-803 surface design by third-party vendors; (c) access to Plaintiff's strike-offs or samples; (d) access to samples displayed by Plaintiff's licensees; and/or (e) access to garments in the marketplace manufactured with

SECOND AMENDED COMPLAINT - 19

lawfully printed fabric bearing the HLK-803 surface design.

80.    The acts by Defendant SOL ANGELES complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

81.    On March 7, 2022, Plaintiff's counsel sent a notice of copyright infringement to Defendant SOL ANGELES. This infringement was also alleged in the initial filing of this action on February 10, 2022, a copy of which was provided to Defendant SOL ANGELES' counsel on February 16, 2022.

82.    Defendant SOL ANGELES continued to sell garments from the Tropicali series after the notice of the Complaint and notice of copyright infringement were delivered. Attached as Exhibit 12 is a copy of a webpage offering the Tropicali Tier Tank Dress for sale on Defendant SOL ANGELES' website on March 9, 2022.

83.    Based on information and belief, Defendant SOL ANGELES has realized profits as a direct and proximate result of its wrongful conduct.

84.    Due to Defendant SOL ANGELES' continued sale of the Tropicali garments after being notified of the infringement, it has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

85.     As a member and principal of Defendant SOL ANGELES, Defendant MYERS had the right and ability to stop or limit Defendant SOL ANGELES' infringement but failed to exercise that right.

86.     As a member and principal of Defendant SOL ANGELES, Defendant MYERS enjoyed a direct financial benefit from Defendant SOL ANGELES' direct infringement of the HLK-803 surface design.

87.     Defendant MYERS has therefore vicariously infringed Plaintiff's copyright of the HLK-803 surface design.

88.     As a direct and proximate result of the infringement by Defendants, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover Defendants' profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

89.     Alternatively, if the infringement commenced after Plaintiff's registration of the HLK-803 surface design, Plaintiff is entitled to statutory damages up to $150,000 against Defendants pursuant to 17 U.S.C. § 504(c).

90.     As a direct and proximate result of the infringement by Defendants, Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

SECOND AMENDED COMPLAINT - 21

91. Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

## FIFTH CLAIM FOR RELIEF
### (Copyright Infringement – the AU-007 surface design)

92. Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 91 as if fully restated herein.

93. On or about February 17, 2022, Plaintiff discovered that garments from Defendant SOL ANGELES' Mystique series, including but not limited to the Mystique Crew and Mystique Short-Sleeve Dress, were being offered for sale on Defendant SOL ANGELES' website as well as on NeimanMarcus.com and BergdorfGoodman.com.

94. Based on information and belief, Defendant SOL ANGELES has sold garments from the Mystique series in this District.

95. The Mystique garments bear a print design that is substantially similar or identical to Plaintiff's copyrighted AU-007 surface design. A side-by-side comparison of Plaintiff's AU-007 surface design and Defendant SOL ANGELES' Mystique design is set in forth in Figure 5 below:

/ / /

/ / /

/ / /

/ / /

**Figure 5**

**AU-007**



**Mystique**



96.     Plaintiff has neither licensed Defendant SOL ANGELES to reproduce or sell the copyrighted AU-007 surface design nor sold fabric to Defendant SOL ANGELES containing the copyrighted AU-007 surface design. Plaintiff also has not been compensated for Defendant SOL ANGELES' use of the copyrighted AU-007 surface design. Defendant SOL ANGELES' manufacture and/or sale of clothing bearing a surface design substantially similar or identical to Plaintiff's copyrighted AU-007 surface design is therefore unauthorized.

97.     Based on information and belief, Defendant SOL ANGELES had access to Plaintiff's AU-007 surface design, including, without limitation, through (a) Plaintiff's website or place of business; (b) access to illegally distributed copies of the AU-007 surface design by third-party vendors; (c) access to Plaintiff's strike-offs or samples; (d) access to samples displayed by Plaintiff's licensees;

SECOND AMENDED COMPLAINT - 23

and/or (e) access to garments in the marketplace manufactured with lawfully printed fabric bearing the AU-007 surface design.

98. The acts by Defendant SOL ANGELES complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

99. Plaintiff's counsel sent a notice of copyright infringement to Defendant SOL ANGELES' counsel via e-mail on March 1, 2021.

100. Defendant SOL ANGELES continued to sell garments from the Mystique series after the notice of copyright infringement was delivered. Attached as Exhibit 13 is a copy of a webpage offering the Mystique Crew for sale on Defendant SOL ANGELES' website on March 8, 2022.

101. Based on information and belief, Defendant SOL ANGELES has realized profits as a direct and proximate result of its wrongful conduct.

102. Due to Defendant SOL ANGELES' continued sale of the Mystique garments after being notified of the infringement, it has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

103. As a member and principal of Defendant SOL ANGELES, Defendant MYERS had the right and ability to stop or limit Defendant SOL ANGELES' infringement but failed to exercise that right.

104. As a member and principal of Defendant SOL ANGELES, Defendant

SECOND AMENDED COMPLAINT - 24

MYERS enjoyed a direct financial benefit from Defendant SOL ANGELES' direct infringement of the AU-007 surface design.

105.  Defendant MYERS has therefore vicariously infringed Plaintiff's copyright of the AU-007 surface design.

106.  As a direct and proximate result of the infringement by Defendants, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover Defendants' profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

107.  Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to statutory damages up to $150,000 against Defendants.

108.  As a direct and proximate result of the infringement by Defendants, Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

109.  Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

### SIXTH CLAIM FOR RELIEF
**(Copyright Infringement – the FY-007 surface design)**

110.  Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 109 as if fully restated herein.

SECOND AMENDED COMPLAINT - 25

111.   On or about February 25, 2022, Plaintiff discovered that garments from Defendant SOL ANGELES' Monstera series, including but not limited to the Monstera Graphic Tank, were being offered for sale on Nordstrom.com, and ShopPremiumOutlets.com.

112.   Based on information and belief, Defendant SOL ANGELES has sold garments from the Monstera series in this District.

113.   The Monstera garments bear a print design that is substantially similar or identical to Plaintiff's copyrighted FY-007 surface design. A side-by-side comparison of Plaintiff's FY-007 surface design and Defendant SOL ANGELES' Monstera design is set in forth in Figure 6 below:

**Figure 6**

FY-007                                          Monstera

     

114.   Plaintiff has neither licensed Defendant SOL ANGELES to reproduce or sell the copyrighted FY-007 surface design nor sold fabric to Defendant SOL ANGELES containing the copyrighted FY-007 surface design. Plaintiff also has

SECOND AMENDED COMPLAINT - 26

not been compensated for Defendant SOL ANGELES' use of the copyrighted FY-007 surface design. Defendant SOL ANGELES' manufacture and/or sale of clothing bearing a surface design substantially similar or identical to Plaintiff's copyrighted FY-007 surface design is therefore unauthorized.

115.    Based on information and belief, Defendant SOL ANGELES had access to Plaintiff's FY-007 surface design, including, without limitation, through (a) Plaintiff's website or place of business; (b) access to illegally distributed copies of the FY-007 surface design by third-party vendors; (c) access to Plaintiff's strike-offs or samples; (d) access to samples displayed by Plaintiff's licensees; and/or (e) access to garments in the marketplace manufactured with lawfully printed fabric bearing the FY-007 surface design.

116.    The acts by Defendant SOL ANGELES complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

117.    Plaintiff's counsel sent a notice of copyright infringement to Defendant SOL ANGELES' counsel via e-mail on March 1, 2021.

118.    Based on information and belief, Defendant SOL ANGELES has realized profits as a direct and proximate result of its wrongful conduct.

119.    Monstera garments continued to be available for sale on ShopPremiumOutlets.com on March 9, 2022.

SECOND AMENDED COMPLAINT - 27

120.   Based on information and belief, Defendant SOL ANGELES has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights, including but not limited to failing to notify third-party vendors to cease marketing and selling the infringing garments after receiving written notice from Plaintiff.

121.   As a member and principal of Defendant SOL ANGELES, Defendant MYERS had the right and ability to stop or limit Defendant SOL ANGELES' infringement but failed to exercise that right.

122.   As a member and principal of Defendant SOL ANGELES, Defendant MYERS enjoyed a direct financial benefit from Defendant SOL ANGELES' direct infringement of the FY-007 surface design.

123.   Defendant MYERS has therefore vicariously infringed Plaintiff's copyright of the FY-007 surface design.

124.   As a direct and proximate result of the infringement by Defendants, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover Defendants' profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

125.   Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to statutory damages up to $150,000 against Defendants.

SECOND AMENDED COMPLAINT - 28

126.    As a direct and proximate result of the infringement by Defendants, Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

127.    Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

## SEVENTH CLAIM FOR RELIEF
## (Copyright Infringement – the FF-015 surface design)

128.    Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 126 as if fully restated herein.

129.    On or about March 9, 2022, Plaintiff discovered that garments from Defendant SOL ANGELES' Botanical series, including but not limited to the Botanical Shirt and Botanical Short, were being or had been offered for sale on SaksFifthAvenue.com and NeimanMarcus.com.

130.    Based on information and belief, Defendant SOL ANGELES has sold garments from the Botanical series in this District.

131.    The Botanical garments bear a print design that is substantially similar or identical to Plaintiff's copyrighted FF-015 surface design. A side-by-side comparisons of Plaintiff's FF-015 surface design with Defendant SOL ANGELES' Botanical design as displayed on the Botanical Shirt is set forth in Figure 7 below:

**Figure 7**

FF-015                                      Botanical

     

132.   Plaintiff has neither licensed Defendant SOL ANGELES to reproduce

or sell the copyrighted FF-015 surface design nor sold fabric to Defendant SOL

ANGELES containing the copyrighted FF-015 surface design. Plaintiff also has

not been compensated for Defendant SOL ANGELES' use of the copyrighted FF-

015 surface design. Defendant SOL ANGELES' manufacture and/or sale of

clothing bearing a surface design substantially similar or identical to Plaintiff's

copyrighted FF-015 surface design is therefore unauthorized.

133.   Based on information and belief, Defendant SOL ANGELES had

access to Plaintiff's FF-015 surface design, including, without limitation, through

(a) Plaintiff's website or place of business; (b) access to illegally distributed copies

of the FF-015 surface design by third-party vendors; (c) access to Plaintiff's strike-

offs or samples; (d) access to samples displayed by Plaintiff's licensees; and/or (e)

access to garments in the marketplace manufactured with lawfully printed fabric

SECOND AMENDED COMPLAINT - 30

bearing the FF-015 surface design.

134.　The acts by Defendant SOL ANGELES complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

135.　On March 15, 2022, Plaintiff's counsel sent a notice of copyright infringement to Defendant SOL ANGELES's counsel.

136.　Botanical garments continued to be available for sale on SaksFifthAvenue.com on April 5, 2022.

137.　Based on information and belief, Defendant SOL ANGELES has realized profits as a direct and proximate result of its wrongful conduct.

138.　Based on information and belief, Defendant SOL ANGELES has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights, including but not limited to failing to notify third-party vendors to cease marketing and selling the infringing garments after receiving written notice from Plaintiff.

139.　As a member and principal of Defendant SOL ANGELES, Defendant MYERS had the right and ability to stop or limit Defendant SOL ANGELES' infringement but failed to exercise that right.

140.　As a member and principal of Defendant SOL ANGELES, Defendant MYERS enjoyed a direct financial benefit from Defendant SOL ANGELES' direct

infringement of the FF-015 surface design.

141.   Defendant MYERS has therefore vicariously infringed Plaintiff's copyright of the FF-015 surface design.

142.   As a direct and proximate result of the infringement by Defendants SOL ANGELES and MYERS, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover the profits of Defendant SOL ANGELES attributable to its infringing conduct, and an accounting of and a constructive trust with respect to such profits.

143.   Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to statutory damages up to $150,000 against Defendants SOL ANGELES and MYERS.

144.   As a direct and proximate result of the infringement by Defendants SOL ANGELES and MYERS, Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

145.   Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

## EIGHTH CLAIM FOR RELIEF
### (Copyright Infringement – the HH-006R surface design)

146.    Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 144 as if fully restated herein.

147.    On or about March 19, 2022, Plaintiff discovered that garments from Defendant SOL ANGELES' Desert Floral series, including but not limited to the Desert Floral Drawstring Short, were being or had been offered for sale on NeimanMarcus.com.

148.    Based on information and belief, Defendant SOL ANGELES has sold garments from the Desert Floral series in this District.

149.    The Desert Floral garments bear a print design that is substantially similar or identical to Plaintiff's copyrighted HH-006R surface design. A side-by-side comparisons of Plaintiff's HH-006R surface design with Defendant SOL ANGELES' Desert Floral design as displayed on the Desert Floral Drawstring Short is set forth in Figure 8 below:

**Figure 8**

| HH-006R | Desert Floral |
|---------|---------------|






150.    Plaintiff has neither licensed Defendant SOL ANGELES to reproduce or sell the copyrighted HH-006R surface design nor sold fabric to Defendant SOL ANGELES containing the copyrighted HH-006R surface design. Plaintiff also has not been compensated for Defendant SOL ANGELES' use of the copyrighted HH-006R surface design. Defendant SOL ANGELES' manufacture and/or sale of clothing bearing a surface design substantially similar or identical to Plaintiff's copyrighted HH-006R surface design is therefore unauthorized.

151.    Based on information and belief, Defendant SOL ANGELES had access to Plaintiff's HH-006R surface design, including, without limitation, through (a) Plaintiff's website or place of business; (b) access to illegally distributed copies of the HH-006R surface design by third-party vendors; (c) access to Plaintiff's strike-offs or samples; (d) access to samples displayed by Plaintiff's licensees;  and/or (e) access to garments in the marketplace manufactured with lawfully printed fabric bearing the HH-006R surface design.

152.    The acts by Defendant SOL ANGELES complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

153.    On March 23, 2022, Plaintiff's counsel sent a notice of copyright infringement to Defendant SOL ANGELES's counsel.

154.    Based on information and belief, Desert Floral garments continued to

SECOND AMENDED COMPLAINT - 34

be available for sale on NeimanMarcus.com until they were listed as sold out April 5, 2022.

155.   Based on information and belief, Defendant SOL ANGELES has realized profits as a direct and proximate result of its wrongful conduct.

156.   Based on information and belief, Defendant SOL ANGELES has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights, including but not limited to failing to notify third-party vendors to cease marketing and selling the infringing garments after receiving written notice from Plaintiff.

157.   As a member and principal of Defendant SOL ANGELES, Defendant MYERS had the right and ability to stop or limit Defendant SOL ANGELES' infringement but failed to exercise that right.

158.   As a member and principal of Defendant SOL ANGELES, Defendant MYERS enjoyed a direct financial benefit from Defendant SOL ANGELES' direct infringement of the HH-006R surface design.

159.   Defendant MYERS has therefore vicariously infringed Plaintiff's copyright of the HH-006R surface design.

160.   As a direct and proximate result of the infringement by Defendants SOL ANGELES and MYERS, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further

entitled to recover the profits of Defendant SOL ANGELES attributable to its

infringing conduct, and an accounting of and a constructive trust with respect to

such profits.

161.   Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to

statutory damages up to $150,000 against Defendants SOL ANGELES and

MYERS.

162.   As a direct and proximate result of the infringement by Defendants

SOL ANGELES and MYERS, Plaintiff has sustained and will continue to sustain

substantial and irreparable harm for which there is no adequate remedy at law.

Plaintiff therefore is entitled to a permanent injunction restraining and enjoining

the infringing conduct.

163.   Plaintiff is further entitled to recover its full costs and attorney fees

pursuant to 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment of up to $1,200,000 and other

relief as follows:

A. On Plaintiff's First Claim for Relief:

    a.   That Defendants be adjudged to have infringed upon Plaintiff's

       copyrighted FK-007 surface design in violation of 17 U.S.C. § 501;

    b.   That Defendants be permanently enjoined from importing,

manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted FK-007 surface design;

c. That Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted FK-007 surface design;

d. That Plaintiff be awarded either actual damages plus Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 against Defendants, jointly and severally, pursuant to 17 U.S.C. § 504(c);

e. That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f. That Plaintiff be awarded pre- and post-judgment interest according to law; and

g. That Plaintiff be awarded such other and further relief as is just and proper.

B. On Plaintiff's Second Claim for Relief:

a. That Defendants be adjudged to have infringed upon Plaintiff's copyrighted EH-3C20 surface design in violation of 17 U.S.C. § 501;

b. That Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise

trafficking in any product that infringes Plaintiff's copyrighted EH-3C20 surface design;

c.  That Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted EH-3C20 surface design;

d.  That Plaintiff be awarded either actual damages plus Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 against Defendants, jointly and severally, pursuant to 17 U.S.C. § 504(c);

e.  That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f.  That Plaintiff be awarded pre- and post-judgment interest according to law; and

g.  That Plaintiff be awarded such other and further relief as is just and proper.

C.  On Plaintiff's Third Claim for Relief:

a.  That Defendants be adjudged to have infringed upon Plaintiff's copyrighted CF-009 surface design in violation of 17 U.S.C. § 501;

b.  That Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted CF-

009 surface design;

c.  That Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted CF-009 surface design;

d.  That Plaintiff be awarded either actual damages plus Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 against Defendants, jointly and severally, pursuant to 17 U.S.C. § 504(c);

e.  That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f.  That Plaintiff be awarded pre- and post-judgment interest according to law; and

g.  That Plaintiff be awarded such other and further relief as is just and proper.

D. On Plaintiff's Fourth Claim for Relief:

a.  That Defendants be adjudged to have infringed upon Plaintiff's copyrighted HLK-803 surface design in violation of 17 U.S.C. § 501;

b.  That Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted HLK-803 surface design;

c. That Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted HLK-803 surface design;

d. That Plaintiff be awarded either actual damages plus Defendants' profits from their infringement; or, alternatively if the infringement is found to have been commenced after the effective date of registration, statutory damages up to $150,000 against Defendants, jointly and severally, pursuant to 17 U.S.C. § 504(c);

e. That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f. That Plaintiff be awarded pre- and post-judgment interest according to law; and

g. That Plaintiff be awarded such other and further relief as is just and proper.

E. On Plaintiff's Fifth Claim for Relief:

a. That Defendants be adjudged to have infringed upon Plaintiff's copyrighted AU-007 surface design in violation of 17 U.S.C. § 501;

b. That Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted AU-007 surface design;

SECOND AMENDED COMPLAINT - 40

c. That Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted AU-007 surface design;

d. That Plaintiff be awarded either actual damages plus Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 against Defendants, jointly and severally, pursuant to 17 U.S.C. § 504(c);

e. That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f. That Plaintiff be awarded pre- and post-judgment interest according to law; and

g. That Plaintiff be awarded such other and further relief as is just and proper.

F. On Plaintiff's Sixth Claim for Relief:

a. That Defendants be adjudged to have infringed upon Plaintiff's copyrighted FY-007 surface design in violation of 17 U.S.C. § 501;

b. That Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted FY-007 surface design;

c. That Defendants be required to account for all profits derived from

their infringement of Plaintiff's copyrighted FY-007 surface design;

d.  That Plaintiff be awarded either actual damages plus Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 against Defendants, jointly and severally, pursuant to 17 U.S.C. § 504(c);

e.  That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f.  That Plaintiff be awarded pre- and post-judgment interest according to law; and

g.  That Plaintiff be awarded such other and further relief as is just and proper.

G. On Plaintiff's Seventh Claim for Relief:

a.  That Defendants be adjudged to have infringed upon Plaintiff's copyrighted FF-015 surface design in violation of 17 U.S.C. § 501;

b.  That Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted FF-015 surface design;

c.  That Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted FF-015 surface design;

d. That Plaintiff be awarded either actual damages plus Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 against Defendants, jointly and severally, pursuant to 17 U.S.C. § 504(c);

e. That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f. That Plaintiff be awarded pre- and post-judgment interest according to law; and

g. That Plaintiff be awarded such other and further relief as is just and proper.

H. On Plaintiff's Eighth Claim for Relief:

a. That Defendants be adjudged to have infringed upon Plaintiff's copyrighted HH-006R surface design in violation of 17 U.S.C. § 501;

b. That Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted HH-006R surface design;

c. That Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted HH-006R surface design;

d. That Plaintiff be awarded either actual damages plus Defendants'

profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 against Defendants, jointly and severally, pursuant to 17 U.S.C. § 504(c);

e.  That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f.  That Plaintiff be awarded pre- and post-judgment interest according to law; and

g.  That Plaintiff be awarded such other and further relief as is just and proper.

DATED this _____ day of April, 2022.

/s/ Leonard D. DuBoff _____
Leonard D. DuBoff, OSB # 774378
The DuBoff Law Group, PC
6665 SW Hampton Street, Suite 200
Portland, OR 97223-8357
Telephone: (503) 968-8111
lduboff@dubofflaw.com
Attorney *Pro Hac Vice* for Plaintiff

Local Counsel:
Matthew Swanlund (SBN 204542)
Aesthetic Legal, APLC
8055 W Manchester Ave., Ste. 310
Playa del Rey, CA 90293
Telephone: (310) 301-4545
matthew@aestheticlegal.com
Attorney for Plaintiff

# DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Leonard D. DuBoff_____
Leonard D. DuBoff, OSB # 774378
The DuBoff Law Group, PC
6665 SW Hampton Street, Suite 200
Portland, OR 97223-8357
Telephone: (503) 968-8111
lduboff@dubofflaw.com
Attorney *Pro Hac Vice* for Plaintiff

Local Counsel:
Matthew Swanlund (SBN 204542)
Aesthetic Legal, APLC
8055 W Manchester Ave., Ste. 310
Playa del Rey, CA 90293
Telephone: (310) 301-4545
matthew@aestheticlegal.com
Attorney for Plaintiff